

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 28, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-819

Re: Applicability of the
Texas stock transfer
tax (Ch. 16, H.B. 11,
3rd C.S., 56th Leg.,
codified as Title 122A,
Taxation-General, R.C.
S.) to joint tenancy
arrangements under em-
ployees' stock purchase
plan.

Dear Mr. Calvert:

Your request for our opinion upon the referenced
subject reads as follows:

"Article 16.01; Title 122A, Taxation-General,
Revised Civil Statutes of Texas, reads in part
as follows:

"'There is hereby imposed and levied a tax
as hereinafter provided on all sales;
agreements to sell; or memoranda of sales;
and all deliveries or transfers of shares;
or certificates of stock; or certificates
for rights to stock; or certificates of
deposit representing an interest in or
representing certificates made taxable un-
der this section in any domestic or for-
eign association, company, or corporation;
or certificates of interest in any busi-
ness conducted by trustee or trustees made
after the effective date hereof, whether
made upon or shown by the books of the as-
sociation, company, corporation or trustee,
or by any assignment in blank or by any
delivery of any papers or agreement or
memorandum or other evidence of sale or
transfer or order for or agreement to buy,
whether intermediate or final, and whether
investing the holder with the beneficial
interest in or legal title to such stock
or other certificate taxable hereunder, or
with the possession or use thereof for any

purpose, or to secure the future payment
of money or the future transfer of any
such stock, or certificate on each hundred
dollars of face value or fraction thereof,
3.3 cents except in cases where the shares
or certificates are issued without desig-
nated monetary value, in which case the
tax shall be at the rate of 3.3 cents for
each and every share.'---

"A question has arisen in connection with an
Employee Stock Option Purchase Plan in cases
where the employee directs that the shares of
stock be issued in the name of himself and an-
other as joint tenants.

"In connection with this request  I am enclosing
copy of letter to me from Kemp, Smith, Brown,
Goggin & White, Attorneys at Law, El Paso,
Texas.  Also, I am enclosing a Prospectus which
sets out the terms of the Employee Stock Pur-
chase Plan in question.

"I will appreciate your opinion as to whether
or not the stock transfer tax accrues on the
following transactions:

"(1)     If the employee's 'authorization'
         specifies that the shares of stock be
         issued in the name of the employee
         and another person as joint tenants,
         does this constitute a transfer re-
         quiring the affixing of stock trans-
         fer tax stamps to the authorization?

"(2)     If the purchase price of the stock is
         paid for with community funds and
         the stock, by virtue of the employee
         authorization, is issued to the em-
         ployee and his or her spouse as joint
         tenants, should the stamps be affixed
         to this authorization; if so, on the
         whole amount of shares of /_ or _/ on
         one-half the amount of shares?

"(3)     If the shares under the authorization
         are to be issued in the name of the
         employee and a person not his spouse,
         should the stamps be affixed to this
         authorization; if so, on the whole

amount of shares or on one-half the shares?"

The following information is discernible from the prospectus:

1. The Company has reserved 50,000 shares of un-issued Common Stock for sale to employees through this plan.

2. Participation in the plan is through authorization by the employee of a stated payroll deduction, to accumulate throughout the option period.

3. The option price is determinable as a percentage of the over-the-counter market average; however, should such option price on the exercisable date exceed the closing bid price, the Company will purchase for the employee, in lieu of the option exercise, the number of shares which his accumulated deductions will buy.

4. An employee's rights are non-assignable; however, he may direct that the stock be issued in the names of himself and another as joint tenants.

Our opinion is that, where the original stock set aside is issued pursuant to the employee's authorization and exercise of option, to the employee and another as joint tenants, there has been no "transfer" within the meaning of the Act and no tax thereon is due.

Attorney General's Opinion No. 0-3594 (1941) held that no tax accrues hereunder upon the issuance by a corporation of original (previously unissued) stock. Opinion No. 0-4026 (1941) held that the sale or transfer of certificates for rights to stock by an original subscriber to receive original issue stock, is a taxable incident. Opinion No. 0-4029 (1941) extended this holding of taxability to a transfer of a right to subscribe to stock even where such right is not evidenced by a "certificate for rights to stock," basing this conclusion primarily upon the wording and construction of the Federal stock transfer tax act. However, this latter opinion was overruled by Opinion No. 0-5833 (1944), holding that such rights to subscribe are not taxable under the Texas law, supporting its conclusion with a careful comparison of the wording of the Texas, Federal, and New York Acts, and judicial and administrative constructions of the latter.

In the present situation, the employee, by authorizing an issue of stock in the name of himself and another as joint tenants, has implicitly transferred to the joint tenant a portion of his exclusive right under the option plan to subscribe to stock. However, an application of the reasoning of Opinion No. O-5833 would declare such a transfer non-taxable under the Texas law. Since, as pointed out above, it is contemplated that such subscriptions will be filled with reserved original issue stock, no transfer tax will accrue under the State act upon such issue. It should be apparent, however, that, in the event a situation arises as in point 3 above, where the employee receives over-the-counter stock, purchased by the Company, in lieu of the exercise of his option, a transfer tax will accrue.

In view of our answer to your first question, it becomes unnecessary to consider herein your questions two and three.

### SUMMARY

Where an employee elects, under a stock purchase plan, of the type submitted, to have original stock issued in the name of himself and another as joint tenants, no tax accrues under the Texas stock transfer tax law (Ch. 16, H.B. 11, 3rd C.S., 56th Leg., Title 122A, R.C.S.)

Very truly yours,

WILL WILSON
Attorney General

By James R. Irion
James R. Irion
Assistant

JRI:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

James M. Farris
J. Arthur Sandlin
John C. Steinberger
Zellner J. Turlington

REVIEWED FOR THE ATTORNEY GENERAL:
By: Leonard Passmore